**AMERICAN DIETAIDS CO., Inc.,**
**Plaintiffs,**

v.

**Anthony J. CELEBREZZE, Secretary of the United States Department of Health, Education and Welfare, Edward Warner and Carl E. Lorentzson, Defendants.**

United States District Court
S. D. New York.
March 22, 1963.

Bass & Friend, New York City, for plaintiff, Milton A. Bass, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, for defendants, Anthony J. D'Auria, Asst. U. S. Atty., of counsel.

DAWSON, District Judge.

This is a motion by defendants, pursuant to Rule 56 of the Rules of Civil Procedure, for an order dismissing the complaint.

The action purports to be one for declaratory judgment pursuant to Section 1337, Title 28 U.S.C., declaring that certain acts of the defendants are unauthorized by law and in violation of the provisions of Section 704(a) of the Federal Food, Drug and Cosmetic Act, and for a declaration that they constitute an interference with plaintiff's rights against illegal search and seizure. The complaint also asks for an injunction.

The acts complained of may be summarized as follows:

The defendants Warner and Lorentzson are inspectors of the Federal Food and Drug Administration of the Department of Health, Education and Welfare. On or about August 9, 1962, these defendants presented to the plaintiff a notice of inspection to inspect the plant of plaintiff and were granted access to the premises. It is alleged in the complaint that they had a tape recording device with them, and

"That said defendants WARNER and LORENTZSON, did thereupon carry said hidden and concealed tape recording device into and through plaintiff's business premises, wherein it was able to and did pick up

254

and record statements and conversations of persons in plaintiff's business premises including agents, employees, and representatives of the plaintiff."

There is no indication that any proceeding, criminal or otherwise, is pending or that respondents are seeking to use or intending to use the tape recording referred to in the complaint.

■ It may be pointed out that the use of such hidden tape recording device is not a violation of the constitutional prohibition against unreasonable search and seizure. Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); United States v. Kabot, 295 F. 2d 848 (2d Cir., 1961), cert. denied, 369 U.S. 803, 82 S.Ct. 641, 7 L.Ed.2d 550 (1962).

■■ However, a more important issue is presented at the threshold. The facts alleged in the complaint do not present an issue for which declaratory judgment is an appropriate remedy. Plaintiff seeks a declaration that something done in the past was illegal. It does not contend that any present actual controversy exists. In order to get jurisdiction under the declaratory judgment statute it must be shown that the case involves what the statute calls an "actual controversy," Section 2201, Title 28 U.S.C. An actual controversy is one appropriate for legal determination. It must be definite and concrete. It must relate to the relations of parties having adverse interests. It differs from one that is academic or moot. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Here there is no adversary proceeding seeking a determination of the legal rights of parties to a presently existing or contemplated controversy. Plaintiff is saying no more than that a wrong has been done in the past and it wants a declaration that these past acts constitute a wrong. This is not the function of an action for declaratory judgment. If a wrong has been done in the past

plaintiff can sue to remedy that wrong. If plaintiff is afraid that the tape recording will be used in the future in a criminal proceeding not yet instituted, it has an adequate remedy at the time of the institution of suit by a motion to suppress.

■ If plaintiff is concerned lest similar acts take place in the future, the complaint is still not adequate. Circumstances may well be different in the future. Each such incident must be considered in the light of the facts of the incident. It is not proper to say that because a wrong was done plaintiff is entitled to a declaration that he should not be wronged in the future. Borchard, Declaratory Judgment (2d Ed.) p. 84.

The action is not one which is appropriate for declaratory judgment. The motion for summary judgment dismissing the complaint is granted. So ordered.